**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH SELLARI,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 24-1581 |

**MEMORANDUM OPINION**

Pending before the court is an Expedited Motion for Additional Redactions (ECF No. 29) filed pro se by plaintiff Christopher Sellari ("Sellari"). The motion will be resolved without a response from defendant.

On October 14, 2026, the court granted in part Sellari's first motion to seal and/or redact sensitive medical information from the public docket (ECF No. 23), and ordered the following relief:

(1) the clerk of court shall seal the court's opinion dated December 23, 2025 (ECF No. 21), which is the only publicly-accessible document containing sensitive medical information;

(2) the clerk of court shall file a redacted version of the opinion, containing the redactions directed by the court;

(3) if Sellari seeks additional redactions, he must file a motion that identifies those additional redactions and explains why they are appropriate.

(ECF No. 27). The court made extensive redactions to its initial opinion (*see* ECF No. 28).

Sellari asks the court to make numerous further redactions, including almost every remaining individualized reference to his medical and mental health issues (ECF No. 29).

Schedule A to Sellari's brief specifically identifies each requested redaction (ECF No. 30 at 3-5). Sellari also seeks to extend the seal to encompass all the filings related to his requests.

Sellari "recognizes the strong presumption of access to judicial records." (ECF No. 30 at 1). He also recognizes his burden to provide a "particularized justification and specific findings identifying a clearly defined and serious injury." *Id.* (citation omitted). He is concerned that references to his medical history "may be taken out of context and used to draw unsupported conclusions concerning present fitness for duty and professional reliability." *Id.*

Sellari relates an incident in which a private investigator obtained information from this litigation and Sellari was denied a prospective assignment. Sellari concedes that he cannot establish the precise role that disclosure played in the loss of the assignment. The court notes that this disclosure occurred prior to the extensive redactions already authorized by the court. Sellari did not identify (beyond speculation) any specific injuries he is suffering as a result of the redacted opinion that is now on the docket.

This litigation began when Sellari requested Social Security benefits, which necessarily put his physical and mental conditions at issue and implicates the public's interest. A thorough review of medical records is necessary for this court to resolve Sellari's appeal of the decision of the Administrative Law Judge and for any appellate court to review the decision of this court. The rationale for the court's willingness to grant the extensive redactions it already made was to redact references to certain records from the Department of Veteran's Affairs that Sellari attached to his filing with this court which were not part of the original record reviewed by the Administrative Law Judge. Those records were only brought to the court's attention by a submission of Sellari (ECF No. 7).

Sellari recognizes that there is a strong presumption of public access to this court's decisions. The extensive additional redactions now requested by Sellari would render this court's decision largely undecipherable. In essence, his arguments would likely require almost every Social Security opinion by a court to be redacted. That outcome would negate the strong presumption of public access to court decisions. In balancing the public interest against Sellari's speculative interest in further redactions, the court cannot find that he met his substantial burden to demonstrate that additional redactions are warranted.

Conclusion

For the reasons set forth above, the Expedited Motion for Additional Redactions (ECF No. 29) will be denied.

An appropriate order follows.

Dated: October 29, 2026

**BY THE COURT:**

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge